UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| WAGNER AERONAUTICAL, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>David DOTZENROTH, et al.,<br><br>Defendants. | Case No.: 21-cv-0994-L-AGS<br><br>**ORDER FOLLOWING DISCOVERY HEARING, GRANTING MOTION TO COMPEL (ECF 177), DENYING MOTION FOR A PROTECTIVE ORDER (ECF 187), AND GRANTING MOTION TO SEAL (ECF 185)** |
|---|---|

On February 7, 2022, the Court heard plaintiffs' motion to compel the NIAR defendants to respond to discovery requests and the NIAR defendants' competing motion for a protective order. At the hearing, the Court provided a tentative ruling but later took the matter under submission. The Court now adopts its tentative oral ruling—except as supplemented below—in its entirety, grants plaintiffs' motion to compel, denies the NIAR defendants' motion for a protective order, and grants NIAR's motion to seal.

In both their brief and at oral arguments, the NIAR defendants stressed that they are not required to respond to *any* discovery because plaintiffs' trade-secrets disclosures violate California Civil Code § 2019.210. That section indicates that "before commencing discovery," a plaintiff bringing a trade-secret claim "shall identify the trade secret with reasonable particularity." *Id.* But there is no California trade-secrets claim asserted against the NIAR defendants; plaintiffs bring only a federal trade-secret claim. (*See* ECF 132, at 36-37.) And the federal trade-secret statute does not "incorporate any discovery procedure analogous to certain state law statutory requirements in trade secrets cases that require a plaintiff to first disclose trade secrets before being able to receive discovery from the defendant." *Yeiser Rsch. & Dev., LLC v. Teknor Apex Co.*, No. 17-CV-1290-BAS-MSB, 2019 WL 2177658, at *4 (S.D. Cal. May 20, 2019) (*citing* 18 U.S.C. § 836(b)).

But plaintiffs made such a disclosure for the other defendants against whom there are state trade-secret claims. (*See* ECF 132, at 37-38.) And the Court is authorized to

impose a similar condition in federal cases. "Rule 26(c)(1)(G) expressly authorizes federal courts to 'for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,' including by 'requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.'" *Yeiser*, 2019 WL 2177658, at *5 (quoting Fed. R. Civ. P. 26(c)(1)(G))). To do so, however, the NIAR defendants must move for a protective order under Rule 26(c)(1), which obliges defendants to meet and confer with plaintiffs on their disputes beforehand. *See* Local Civ. R. 26.1(a) ("The Court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have previously met and conferred concerning all disputed issues."). Defendants did not do so before bringing their protective-order motion, and thus this Court will not "entertain" it. *Id.*

Regardless, the NIAR defendants have not met the "good cause" standard to justify issuing a protective order. *See* Fed. R. Civ. P. 26(c)(1). Indeed, they've offered no cause to impose a "reasonable particularity" requirement to permit them to challenge plaintiffs' current disclosures. *See Yeiser*, 2019 WL 2177658, at *5 (requiring "case-specific considerations regarding the proper course of discovery" to justify such an order).

So, plaintiffs' motion to compel is **GRANTED**. As set out on the record, those discovery requests seek relevant evidence that is proportional to the needs of the case. Written responses to the interrogatories and requests for production must be produced by **February 28, 2022**. Responsive document production must be completed by **March 31, 2022**. The NIAR defendants' motion for a protective order based on the trade-secret disclosures is **DENIED**. And the NIAR defendants' related motion to seal is **GRANTED.**

Dated: February 9, 2022

Hon. Andrew G. Schopler
United States Magistrate Judge